IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

                                    :

LESLEY L. RICE

                                    :

    v.                              :    Civil Action No. DKC 2007-1005

                                    :

CALVERT COUNTY BOARD OF
 COUNTY COMMISSIONERS, ET AL. :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this civil rights case are a motion to dismiss by Defendant Calvert County Board of County Commissioners ("Calvert County") (paper 4), and a motion by Defendant Deputy Sheriff Richard Wilson for partial dismissal, or for bifurcation. (Paper 5).  The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary.  For the reasons that follow, the claims against Deputy Wilson in his official capacity and the claims against Calvert County will be dismissed.

## I.  Background

Lesley L. Rice, Plaintiff, filed a seven count complaint against the Calvert County Board of County Commissioners and Deputy Sheriff Richard Wilson, individually and in their official capacities.  She alleges that she witnessed a car accident on February 11, 2007 from the driveway of her nearby home.  Her son went to render aid, noticed a person not moving, and called 911.  Plaintiff and her husband also came to the scene.  The family stayed with the injured man until the ambulance and police arrived.

At the request of the police, Plaintiff began to fill out a police report to provide information about what she had seen.

Eventually, Plaintiff was advised that the deputies were searching her son's car.  She hurried to her son's side and inquired as to why they were searching his car.  She advised them that they had no consent to search.  Deputy Wilson stated that he smelled marijuana.  Plaintiff's son told her that the same deputy had been tailgating him earlier and she became infuriated with the situation.  She told the deputy that she no longer wanted to fill out the police report and started to return to her car.  Deputy Wilson followed her and told her that the report was the property of the sheriff's department.  When Plaintiff refused to give him the paper and opened the door to get into her car, Deputy Wilson came up behind her and slammed the door with full force.  The door struck Plaintiff's hand and her right hand was caught in the door. She yelled for Deputy Wilson to help in releasing her hand, but he did not do so.  When she was finally able to free her hand, she was unable to move it and it was swollen.  Deputy Wilson refused her request to be taken to the hospital immediately.  Eventually, another deputy came and directed the others to allow her to go to the hospital.

Plaintiff alleges that Deputy Wilson's actions constitute unreasonable and excessive use of force, a deprivation of liberty and imposition of punishment, without due process of law.

In addition, the complaint alleges: "Upon information and belief at all times pertinent hereto, Defendant Calvert County Board of County Commissioners permitted and tolerated a pattern and practice of unreasonable use of force, punishment and deprivation of Constitutional Guarantees by Deputy Windsor (sic), so they could affect (sic) an arrest." (Paper 1, at 6).  It also alleges that Calvert County "maintain[s] a system of review of sheriff's deputy conduct . . . which is so untimely, cursory, one-sided and ineffective that the unreasonable and excessive use of force, punishment and denial of Constitutional rights by its deputies is permitted and tolerated in a wholesale manner, against citizens of color in Calvert County."[1]

Count I is brought under 42 U.S.C. § 1983 for "intentional coercion, intimidation, assault and battery" against both defendants.  Count II is another constitutional claim for violation of due process.  Count III is a state law claim for assault and battery.  Count IV is a state law claim for intentional infliction of emotional distress.  Count V is a state law claim for "Malicious Abuse of Process."  Count VI is a state law claim for "false detention" or imprisonment.  Count VII is a race-based civil rights claim.

---

[1] In its fifty-fifth paragraph, Plaintiff's complaint asserts that Sheriff Evans is also a defendant to this suit.  Sheriff Evans is not a party as he has not been properly named in the complaint or served by Plaintiff.

Defendant Calvert County moves to dismiss all the claims against it, and also adopts Deputy Wilson's arguments in favor of bifurcation as an alternative.  (Paper 4).  The primary basis for the Calvert County's motion to dismiss is that the sheriff is a state official, not a county official, and that the mere fact that the County may fund the office does not make it liable for any alleged misdeeds of the sheriff's office.  Further, the County contends that the complaint fails to allege sufficient facts to make out a claim under *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978).

Defendant Wilson moves for partial dismissal or, in the alternative, bifurcation.  (Paper 5).  Deputy Wilson seeks dismissal of all claims against him in his official capacity, which are asserted in each count of the complaint.

## II.  Standard of Review

The purpose of a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Accordingly, a 12(b)(6) motion ought not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  Except in certain specified cases, a plaintiff's complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534

4

U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).

In its determination, the court must consider all well-pled allegations in a complaint as true, *see Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). The court must disregard the contrary allegations of the opposing party. *See A.S. Abell Co. v. Chell*, 412 F.2d 712, 715 (4th Cir. 1969). The court need not, however, accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). The Supreme Court set forth the proper framework in *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007)(footnote omitted):

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, *ibid.*;

*Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, *see Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, *see* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) (hereinafter Wright & Miller) ("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), *see, e.g., Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

## III. Analysis

Deputy Sheriff Richard Wilson contends that the federal official capacity claims against him should be dismissed because, when performing law enforcement duties, he is a state official, and not a "person" within the meaning of 42 U.S.C. § 1983, citing *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989). Calvert County contends that, despite the allegations in the

6

complaint that the Board of County Commissioners is the controlling authority over the Sheriff's Office, the Sheriff is a state official, and not a municipal official.   Thus, the County Board could not have any control over Deputy Wilson's law enforcement actions.   In addition, the Board argues that the complaint is devoid of allegations sufficient to assert a claim under *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978).   Plaintiff's opposition does not address at all the contention that the Sheriff is a state official, and not subject to regulation by the Board of County Commissioners.

Claims for monetary damages against a state official sued in his or her official capacity are not suits against a person, and hence are not authorized by section 1983.   *Will v. Mich. Dep't of State Police*, 491 U.S. at 71.   A Maryland sheriff sued under Section 1983 in his or her official capacity may be either a state official or a county official, depending upon the particular duties and circumstances upon which the suit is based.   *Dotson v. Chester*, 937 F.2d 920, 928 (4th Cir. 1991).[2]   In *Dotson*, the Fourth Circuit held that a sheriff could be an agent of county government with respect to section 1983 claims related to conditions in an aging

---

[2] Presumably, the same analysis applies to a sheriff's deputy sued in his or her official capacity.   *See Rucker v. Harford County*, 316 Md. 275, 281 (1989) (holding with respect to Maryland tort law status that deputy sheriff, like a sheriff, is a state employee because he "functions as the alter ego of the sheriff"), *superseded by statute as recognized by* 104 Md.App. 439, 443-44 (Md.Ct.Spec.App. 1995).

county jail the sheriff operated under the authority of, and with funding provided by, the county. *Id.* at 930. The *Dotson* court analyzed an earlier Maryland case, which held that a sheriff and sheriff's deputies were state officials for purposes of Maryland tort law while engaging in the statewide enterprise of law enforcement. *Rucker*, 316 Md. at 278, 281, *superseded in part by statute as recognized by State v. Card*, 104 Md.App. 439, 443-44 (Md.Ct.Spec.App. 1995). According to the allegations in the complaint, Deputy Wilson, like the sheriff's deputies in *Rucker*, was involved in the statewide duty of law enforcement at the time he encountered Plaintiff and allegedly violated her civil rights.[3] Accordingly, Defendants' motion to dismiss the official capacity claims against Deputy Wilson will be granted.

The Calvert County Board of County Commissioners similarly asserts that the sheriff's office is a state, and not a county agency, and that Plaintiff's conclusory allegations about control over the sheriff are insufficient. Plaintiff has not responded to this argument. Under Maryland law, sheriffs and deputy sheriffs are considered employees of the state. *See McGrath-Malott v. Maryland*, No. 06-879, 2007 WL 609909, at *5 (D.Md. 2007). Sheriffs and Deputy Sheriffs are covered as state personnel under the

---

[3] Plaintiff names Deputy Wilson as a Defendant in both his individual and official capacities for all counts, including the state tort claims. Maryland common law claims, however, do not distinguish between individual capacity and official capacity claims. *Ritchie v. Donnelly*, 324 Md. 344, 374-75 (1991).

Maryland Tort Claims Act, Md.Code. Ann., State Gov't § 12-101(a)(6), and the Sheriff is empowered to hire and fire Deputy Sheriffs, Md.Code Ann., Cts. & Jud. Proc. § 2-309(w)(2)(ii).   In sum, "as a matter of Maryland law, the Sheriff and Deputy Sheriffs of [a Maryland County] are officials and/or employees of the State of Maryland rather than of [the] County." *Willey v. Ward*, 197 F.Supp.2d 384, 387-88 (D.Md. 2002) (quoting *Rucker*, 558 A.2d at 402).   Because Deputy Wilson is a state, and not a county, official, Calvert County cannot be held liable for his acts. Accordingly, the motions to dismiss the claims against Calvert County will be granted.

### IV.  Conclusion

For the foregoing reasons, the official capacity claims asserted against Deputy Wilson and the *Monell* claims against Calvert County will be dismissed.   The request to bifurcate is moot.   A separate Order will follow.

```
          /s/
```
DEBORAH K. CHASANOW
United States District Judge